2003 UT App 416

**STATE of Utah, Plaintiff and Appellee,**

v.

**Richard Dale HOUSTON, Defendant and Appellant.**

**No. 20020526–CA.**

Court of Appeals of Utah.

Dec. 4, 2003.

---

Heather Johnson and David P.S. Mack, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Kris C. Leonard, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before JACKSON, P.J., DAVIS and THORNE, Jr., JJ.

## OPINION

DAVIS, Judge:

¶ 1 Richard Dale Houston appeals the trial court's denial of his motion to dismiss under Utah Code Annotated section 77–29–1 (1999) (the Speedy Trial Statute). We affirm.

## BACKGROUND

¶ 2 On November 29, 2001, Houston and a codefendant were charged by information with aggravated robbery. On December 8, 2001, while in prison, Houston executed a "Notice and Request for Disposition of Pending Charge(s)" pursuant to the Speedy Trial Statute. The Division of Institutional Operations received Houston's request on December 14.

¶ 3 Houston's preliminary hearing began on January 15, 2002 and was continued to the following day. The prison did not transport Houston to the trial court the following day for the continuation of the preliminary hearing and, as a result, the hearing was continued to January 24. The preliminary hearing was completed on January 24 and Houston

was bound over on the charge of aggravated robbery.

¶ 4 At the scheduled arraignment on February 11, the State filed a motion for a joint trial with dual juries. Because the codefendant had provided the State with evidence against Houston, and because the codefendant and Houston both had counsel from the Salt Lake Legal Defender Association, the appointment of conflict counsel was necessary. To allow for the appointment of conflict counsel, the trial court continued the arraignment to February 25. At the February 25 arraignment, Houston was arraigned and pleaded not guilty, and the trial court scheduled a three-day jury trial to begin on March 13.

¶ 5 On February 27, the State filed a document entitled "Notice of Expert Witnesses." Subsequently, at the March 11 pretrial conference, the trial court determined that it would have to reschedule the trial in order to provide Houston with the full thirty-day notice period for the State's expert witnesses because defense counsel insisted upon the full thirty days and declined to request a continuance as provided for by statute. *See* Utah Code Ann. § 77–17–13(1)(a), (4)(a) (1999). When the court initiated a rescheduling discussion with the parties, defense counsel indicated that he was unavailable for trial during the week of April 1. The trial court also notified the parties that it was unavailable for trial during the weeks of April 8 and April 15. After some discussion, the trial court rescheduled Houston's three-day trial to begin on April 24.

¶ 6 On April 18, Houston filed a motion to dismiss the charge against him, pursuant to the Speedy Trial Statute. The trial court denied this motion at a motion hearing on April 22. On April 26, at the conclusion of a three-day trial, Houston was convicted of aggravated robbery. Houston appeals the trial court's denial of his motion to dismiss under the Speedy Trial Statute.

## ISSUE AND STANDARD OF REVIEW

¶ 7 Houston argues that the trial court erred by denying his motion to dismiss under the Speedy Trial Statute. "[W]e review a trial court's determination that a defendant's charges should be dismissed pursuant to the Speedy Trial Statute for abuse of discretion." *State v. Coleman,* 2001 UT App 281, ¶ 3, 34 P.3d 790, *cert. denied,* 42 P.3d 951 (Utah 2002). "An appellate court will find abuse of discretion only where there is no 'reasonable basis in the record to support' the trial court's Speedy Trial Statute determination of 'good cause.' " *Id.* (citations omitted).

## ANALYSIS

¶ 8 Under the Speedy Trial Statute,[1] when any Utah prisoner has an "untried indictment or information" and properly files a written demand "requesting disposition of the pending charge," that prisoner "shall be entitled to have the charge brought to trial within 120 days of the date of delivery" of the written demand. Utah Code Ann. § 77–29–1(1) (1999). However, either party may be granted a "reasonable continuance" to extend

---

1. In relevant part, the Speedy Trial statute provides:

    (1) Whenever a prisoner is serving a term of imprisonment in the state prison, jail or other penal or correctional institution of this state, and there is pending against the prisoner in this state any untried indictment or information, and the prisoner shall deliver to the warden, sheriff or custodial officer in authority, or any appropriate agent of the same, a written demand specifying the nature of the charge and the court wherein it is pending and requesting disposition of the pending charge, he shall be entitled to have the charge brought to trial within 120 days of the date of delivery of written notice.
    . . . .

    (3) After written demand is delivered as required in Subsection (1), the prosecuting attorney or the defendant or his counsel, for good cause shown in open court, with the prisoner or his counsel being present, may be granted any reasonable continuance.
    (4) In the event the charge is not brought to trial within 120 days, or within such continuance as has been granted, and defendant or his counsel moves to dismiss the action, the court shall review the proceeding. If the court finds that the failure of the prosecuting attorney to have the matter heard within the time required is not supported by good cause, whether a previous motion for continuance was made or not, the court shall order the matter dismissed with prejudice.
    Utah Code Ann. § 77–29–1(1), (3)-(4) (1999).

the 120–day period, but only "for good cause shown in open court." *Id.* § 77–29–1(3). If the prosecuting attorney does not bring the charge to trial within the required time period, the defendant may then move to dismiss the charge against him. *See id.* § 77–29–1(4). After reviewing the proceeding, "[i]f the court finds that the failure of the prosecuting attorney to have the matter heard within the time required is not supported by good cause, whether a previous motion for continuance was made or not, the court shall order the matter dismissed with prejudice." *Id.*

¶ 9 Houston argues that the trial court erred by denying his motion to dismiss under the Speedy Trial Statute. More specifically, Houston argues that because three separate delays in his proceeding were not supported by "good cause," they did not justify holding his trial outside the 120–day period under the Speedy Trial Statute. *Id.* § 77–29–1(3)(4). Because the delay attributable to defense counsel's unavailability is determinative of this appeal, we address only that issue. *See State v. Heaton,* 958 P.2d 911, 919 (Utah 1998) (stating that when one issue "is dispositive of [an] appeal, we need not address [defendant]'s other arguments").

■ ¶ 10 Determining whether the trial court erred by denying Houston's motion to dismiss pursuant to the Speedy Trial Statute "requires a two-step inquiry." *Id.* at 916. "First, we must determine when the 120–day period commenced and when it expired. Second, if the trial was held outside the 120–day period, we must then determine whether 'good cause' excused the delay." *Id.* Both parties agree that the 120–day period commenced on December 14, 2001 and, accordingly, we determine that it expired on April 13, 2002.[2] Houston's trial began outside the 120–day period, on April 24. Therefore, we must "determine whether 'good cause' ex-

cused the delay" causing Houston's trial to be held outside the 120–day period. *Id.*

■ ¶ 11 "A finding of 'good cause' that will excuse failure of the prosecution to bring a defendant to trial within the time required means (1) delay caused by the defendant— such as asking for a continuance; or (2) 'a relatively short delay caused by unforeseen problems arising immediately prior to trial.' " *State v. Coleman,* 2001 UT App 281, ¶ 6, 34 P.3d 790 (citations omitted), *cert. denied,* 42 P.3d 951 (Utah 2002). In addition, "extending the trial date to a reasonable time outside the [120–day] period to accommodate, in part, defense counsel's schedule constitutes 'good cause' under [the Speedy Trial Statute]." *Heaton,* 958 P.2d at 917.

■ ¶ 12 At Houston's arraignment, the trial court scheduled his trial to begin on March 13. However, at the pretrial conference, the trial court determined that the trial would need to be rescheduled to provide Houston with the full thirty-day notice period for the State's expert witnesses, as required by statute. *See* Utah Code Ann. § 77–17–13(1)(a) (1999). Because the State had filed its "Notice of Expert Witnesses" on February 27, the trial could not begin until after the thirty-day notice period expired on March 29. When the trial court initiated a rescheduling discussion with the parties at the pretrial conference, defense counsel preemptively notified the trial court that he would be unavailable during the week of April 1. The trial court then notified the parties that it was unavailable for trial dates during the weeks of April 8 and April 15. After some discussion, the trial court scheduled the trial to begin on April 24. The trial court recognized that this placed the trial outside of the 120–day period and made record of the scheduling problems by stating:

Let's set this for April 24, 25[,] and 26. And the record will reflect that [the beginning date] is past the 120–day [period].

---

2. The parties disagree about the date the 120–day period expired. Houston asserts that it expired on April 12, while the State asserts that it expired on April 13. If December 14, 2001 is used as the starting date (day zero), then the 120–day period expired on April 13 (day 120). In his reply brief, Houston agrees that this is the correct method for calculating the expiration of

the 120–day period, yet still asserts that it expired on April 12. We agree with the State, and conclude that the 120–day period expired on April 13. Although the trial court erred by finding, in agreement with Houston's assertion, that the 120–day period expired on April 12, this error is harmless given the outcome of this appeal.

The [c]ourt knows that as we are doing it and [that] it's past the 30 days for the expert-witness notice. But it is the soonest I can set it on the calendar, *given that the defense counsel is not going to be here the first week of April* and the [weeks of the] 8th and 15th are master calendars for the [c]ourt.

(Emphasis added.)[3]

¶ 13 This statement and defense counsel's preemptive notification of unavailability establish that the delay causing the trial to be held outside the 120–day period was caused, at least in part, by defense counsel's unavailability.[4] Therefore, we conclude that, pursuant to the Speedy Trial Statute, "good cause" excused this delay. *Id.* § 77–29–1(3)(4); *see Heaton*, 958 P.2d at 917 ("[E]xtending the trial date to a reasonable time outside the [120–day] period to accommodate, in part, defense counsel's schedule constitutes 'good cause' under [the Speedy Trial Statute].").

¶ 14 Because we have determined that "good cause" excused the delay causing

Houston's trial to be held outside the 120–day period, Utah Code Ann. § 77–29–1(3)(4), we conclude that the trial court did not abuse its discretion by denying Houston's motion to dismiss under the Speedy Trial Statute.

## CONCLUSION

¶ 15 We conclude that the trial court did not abuse its discretion by denying Houston's motion to dismiss under the Speedy Trial Statute and, accordingly, affirm Houston's conviction.

¶ 16 WE CONCUR: NORMAN H. JACKSON, Presiding Judge and WILLIAM A. THORNE JR., Judge.

---

**3.** Houston does not argue that the length of the continuance was unreasonable.

**4.** In his briefs, Houston admits that the trial was scheduled outside the 120–day period "partly because the defense counsel was out[-]of[-]town for" the week of April 1, but argues that defense counsel's unavailability during that week "is ir-

relevant" because the trial court "did not discuss whether it was available for trial that week." At the pretrial conference, defense counsel preemptively notified the trial court that he was unavailable for trial during that week. As a result, it would have been pointless for the trial court to discuss its availability for trial that week.